O’MALLEY, Circuit Judge,
concurring, with whom RADER, Chief Judge, and LINN, Circuit Judge join.
I concur in the denial of the request for rehearing en banc. I do so, however, premised on my understanding that the panel opinion does not, as the dissent claims and the petition for rehearing en banc assumes, endorse “administrative nullification of a final judicial decision.” In re Baxter, Int’l Inc., 678 F.3d 1357, 1366 (Fed.Cir.2012) (Newman, J., dissenting). Nothing in this opinion, or in those on which it relies, alters the governing legal principles of res judicata or abandons the concept of finality those principles further.
The majority here concludes — rightly in my view — that a prior court decision in which a party has failed to prove a patent invalid does not bar the Patent and Trademark Office (PTO) from subsequently reexamining that same patent. And, it con- *1351 eludes that, despite a final court judgment reaching a contrary conclusion as between the patent holder and one alleged infringer, the PTO is free to conclude that the patent is, indeed, invalid. That proposition is an unremarkable one.
In a court proceeding, a patent is not found “valid.” A judgment in favor of a patent holder in the face of an invalidity defense or counterclaim merely means that the patent challenger has failed to carry its burden of establishing invalidity by clear and convincing evidence in that particular case — premised on the evidence presented there. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1429 n. 3 (Fed.Cir.1988). If the PTO later considers the validity of that same patent, it does so based on the evidence before it and under the lesser burden of proof that applies ih reexamination proceedings. As the majority notes, Congress granted the PTO the right to act within the realm of its authority. In re Baxter, Int’l Inc. 678 F.3d at 1365.
These conclusions do not mean, however, that, when the PTO does act in the context of a reexamination proceeding, its conclusions can alter the binding effect of a prior judgment in a judicial proceeding. They cannot, and the PTO concedes as much in its response to the petition for rehearing en banc when it states that “[i]f a federal court awards relief to a patent holder against an infringer, a subsequent reexamination decision that the patent is invalid does not disturb the judgment of the court or alter its binding effect on the parties.” PTO Response at 14. This concession is consistent with, and dictated by, well-established principles of res judicata. See San Remo Hotel, L.P. v. City & Cnty. of S.F., 545 U.S. 323, 336 n. 16, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005) (“Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.”); see also Reed v. Allen, 286 U.S. 191, 198-99, 52 S.Ct. 532, 76 L.Ed. 1054 (1932) (“[the] well-established doctrine of res judicata [was] conceived in the light of the maxim that the interest of the state requires that there be an end to litigation — a maxim which comports with common sense as well as public policy.”); Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 475-76 (Fed.Cir.1991) (“The principles of law denominated ‘res judicata’ embody the public policy of putting an end to litigation.”).
The dissent’s fears, -and the premise of the petition for rehearing en banc are unfounded. Well-established principles of res judicata will govern the continuing relationship between the parties to any court proceeding and will dictate whether the PTO’s reexamination ruling will have any impact on them going forward. Reassured by this fact, I concur in the denial of the request for rehearing en banc in this matter.